# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| **KAYLA GATELEY and**<br>**JOEL LEON GATELEY,** | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: |
| **LOWE'S HOME CENTERS, LLC,** | ) ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441-1453, Defendant, Lowe's Home Centers, LLC ("Defendant"), files this Notice of Removal of the present case from the Madison County Circuit Court in Jackson, Tennessee, to the United States District Court for the Western District of Tennessee at Jackson, and avers as follows:

1.     Plaintiffs Kayla Gateley and Joel Leon Gateley ("Plaintiffs") initiated this action on September 11, 2023, by filing a Complaint in the Madison County Circuit Court. *See* (Exh. 1, Summons and Complaint).

2.     Plaintiffs are citizens and residents of Henderson County, Tennessee. *See* Compl. at ¶¶1-2.

3.     Defendant Lowe's Home Centers, LLC is a foreign limited liability company organized under the laws of the State of North Carolina. "The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009).

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* Defendant has one member, Lowe's Companies, Inc. Lowe's Companies, Inc. is a foreign corporation incorporated under the laws of the State of North Carolina with a principal place of business in Mooresville, North Carolina. Therefore, Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina. *See also* Compl. at ¶3.

4.     The Defendant received service of the Summons and Complaint on October 9, 2023. *See* Exh. 1 at p. 1. Accordingly, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b) as it is filed within 30 days of service of the Summons and Complaint on Defendant. *See also* Fed. R. Civ. P. 6(a). Defendant has not filed an answer or other responsive pleading in the State Court action.

5.     This action is of a civil nature alleging personal injuries to Plaintiffs on Defendant's premises. Plaintiffs asserts theories of negligence. *See* Compl. at ¶¶ 5-16.

6.     Plaintiffs bring suit against Defendant in the amount of $575,000. *See* Compl. ¶Prayer For Relief; *see also* 28 U.S.C. § 1446(c)(2).

7.     The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. § 1332(a) because the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8.     Defendant respectfully avers that the time for removal has not expired under 28 U.S.C. § 1446(b). This Notice of Removal has been filed "within thirty days after receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

9.      Venue is proper in this district because the alleged events giving rise to Plaintiffs' suit occurred in Madison County, Tennessee, which is within this Court's district. *See* 28 U.S.C. § 1391(a). Further, the state court where this action was commenced is within this Court's district, therefore this action is properly removed to this Court under 28 U.S.C. § 1441(a).

10.      Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served promptly on Plaintiffs, through their counsel of record C. Timothy Crocker, and filed with the Clerk of the Madison County Circuit Court, at Jackson, Tennessee.

11.      Nothing in this Notice of Removal is or shall be interpreted as a waiver or relinquishment of any of the Defendant's rights to assert any defense or affirmative matter.   The Defendant specifically reserves all rights, defenses and affirmative matters, including but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue or for transfer of venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims; (6) failure to state a claim; and (7) any other defense available under the Tennessee Rules of Civil Procedure, the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, the above-captioned action, now pending in the Madison County Circuit Court as C-23-246, is removed therefrom to this Honorable Court.

Respectfully submitted:

_/s Cameron M. Watson_____
Cameron M. Watson (BPR #33613)
Spicer Rudstrom, PLLC
Attorneys for Defendants
119 South Main, Suite 700
Memphis, Tennessee 38103
(901) 522-2319
(901) 526-0213 fax
cwatson@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was served upon the following:

C. Timothy Crocker
P.O. Box 733
Milan, TN 38358

via the Court's electronic filing system, on this 8th day of November, 2023.

__/s Cameron M. Watson_____
Cameron M. Watson

4